Gulf, Colorado & Santa Fe Railway Company v.
J. B. Wilder.

Decided June 13, 1903.

1.—Assumed Risk and Contributory Negligence—Charge—Injury to Railroad Employe.

A charge, in an action by a railroad employe for personal injury, that plaintiff had assumed all the risks ordinarily incident to the service, and could not recover unless his injury was caused directly by the negligence of the defendant, without fault on his part contributing thereto, and unless his injury was caused by the negligence of defendant or its servants in the respects alleged, without fault on plaintiff's part contributing thereto, presented a correct statement of the law as to assumed risk, and was not misleading as confusing the issues of contributory negligence and assumed risk.

2.—Same—Fellow Servant.

The negligence of the servant in charge of the engine, causing injury to an assistant hostler while engaged in making a coupling, renders the company liable therefor.

Appeal from the District Court of Johnson. Tried below before Hon. Wm. Poindexter.

*J. W. Terry* and *Ballinger Mills,* for appellant.

*S. C. Padelford,* for appellee.

TEMPLETON, Associate Justice.—J. B. Wilder was injured while in the service of the Gulf, Colorado & Santa Fe Railway Company. He brought suit on account of his injuries, and on a jury trial obtained judgment for $950.

At the time he was injured the plaintiff was working in the company's shops and yards at Cleburne in the capacity of assistant hostler. He and the hostler were directed to take an engine and change the position of some tank cars. The hostler acted as engineer, and the plaintiff coupled the cars. The first coupling was made, and the engine and car thereto attached were brought to a standstill a short distance from another car which was to be coupled onto and moved. The plaintiff signaled the hostler to move slowly up to the second car, and went in between the cars which were to be coupled. He went to the standing car and prepared to make the coupling. He then looked toward the moving car and discovered that it was almost upon him. Before he could get off the track the cars came together, and he was caught between them and injured. It was alleged in the petition that the hostler disregarded the slow signal which the plaintiff gave him and negligently moved the engine and attached car at a dangerously rapid speed up to and against the standing car, thereby causing the accident. The defendant pleaded the general issue, assumed risk and contributory negligence.

Complaint is made of the eighth paragraph of the court's charge;

which reads as follows: "When plaintiff entered the service of the defendant company he assumed all the risks and dangers ordinarily incident to the service in which he was engaged, and though you might believe from the evidence that the plaintiff was injured as alleged, you could not find for him unless such injury was caused directly by the negligence of the defendant company, without fault on his part contributing thereto, and unless you believe from the evidence that the plaintiff was injured as alleged, and that such injury was caused by the negligence of the defendant company or its servant in charge of said engine in the respects alleged, without fault on the part of plaintiff. contributing thereto, you should find for the defendant." The complaint is that the charge does not correctly present the law of assumed risk, and confuses the defenses of assumed risk and contributory negligence.

The charge properly instructed the jury that "when plaintiff entered the service of the defendant company he assumed all the risks and dangers ordinarily incident to the service in which he was engaged." And it is the law, as stated in the charge, that the plaintiff was not entitled to recover, even if he was injured as alleged, "unless such injury was caused directly by the negligence of the company, without fault on his part contributing thereto." Nor is there any doubt as to the legal correctness of the instruction that "unless you believe from the evidence that plaintiff was injured as alleged, and that such injury was caused by the negligence of the defendant company or its servant in charge of said engine in the respects alleged, without fault on the part of the plaintiff contributing thereto, you should find for the defendant." The contention of appellant that the issue of assumed risk was incorrectly presented can not be sustained.

The other contention of appellant is that the charge was misleading in that it confused the issues of assumed risk and contributory negligence. The charge informed the jury that the plaintiff assumed the risks ordinarily incident to his employment, and that he was not entitled to recover, even if he was injured as alleged, "unless such injury was caused directly by the negligence of the defendant company, without fault on his part contributing thereto." This instruction required a finding for the defendant unless the injury was caused directly and solely by the negligence of the company. If the injury was caused by such negligence, it was not caused by any of the risks assumed by the plaintiff, for he did not assume the risks arising from his employer's neglect. The issue of contributory negligence was evidently referred to by the trial judge in this connection in order to preclude a recovery by the plaintiff, unless the negligence of the defendant was the sole cause of the accident. A reference to the issue for such purpose was not calculated to mislead the jury to the injury of the defendant, or to confuse the issues in the minds of the jurors.

The court instructed the jury, in substance, that if the servant of the company in charge of the engine was negligent, the defendant was

responsible therefor. The proposition is too well settled to admit of argument. The proposition was stated abstractly, and the charge did not require the jury to find for the plaintiff if the engineer was negligent, without regard to the other issues in the case. The charge was a correct statement of the law, and the criticisms urged against it by appellant are without merit.

It is contended that the evidence was not sufficient to warrant the verdict, but we do not concur in the contention. We find no reversible error in the record, and the judgment will therefore be affirmed.

*Affirmed.*

Writ of error refused.